UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHET OLEJNIK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO: 3:07-CV-585-RM |
| ) | |
| ST. JOSEPH COUNTY SHERIFF, ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST, successor-in-interest to ) | |
| AMERIQUEST MORTGAGE ) | |
| SECURITIES, INC., and ) | |
| AMERIQUEST MORTGAGE ) | |
| SECURITIES, INC., ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Chet Olejnik, a *pro se* plaintiff, has submitted a complaint and an emergency motion for a temporary restraining order and order to show cause re preliminary injunction. Mr. Olejnik's claims relate to state court proceedings in St. Joseph County Superior Court. Mr. Olejnik maintains that his due process rights were violated when an order was entered in the state court proceedings granting summary judgment and ordering the sale of Mr. Olejnik's property.

A federal court's authority to hear a case – its subject matter jurisdiction – is limited, and a court has an obligation to inquire into its own subject matter jurisdiction. *See* Weaver v. Hollywood Casino-Aurora, Inc., 255 F.3d 379, 381 (7th Cir. 2001). If there is no jurisdiction, the case must be dismissed. *See, e.g.*, United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000) ("No court may decide a case

without subject matter jurisdiction . . . ."); Garry v. Geils, 82 F.3d 1362, 1364 (7th Cir. 1996) ("We can address the plaintiff's . . . claim only if we have jurisdiction to do so.").

The federal district courts' authority to review state court judgments and related claims has been strictly limited by the Rooker-Feldman doctrine. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7th Cir. 2000). Because the doctrine concerns the court's subject matter jurisdiction, it takes precedence over other legal issues and the merits of the case because, when it applies, the court doesn't have the authority to consider the merits or to do anything else. *See* Garry v. Geils, 82 F.3d at 1365 ("Where Rooker-Feldman applies, lower federal courts have no power to address other affirmative defenses, including res judicata.").

"If the injury alleged resulted from the state court judgment itself, the Rooker-Feldman doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." Long v. Shorebank Dev. Corp., 182 F.3d 548, 555 (7th Cir. 1999) (citation omitted) (noting that the pivotal inquiry is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent

2

claim."). The "focus upon inquiry at the hands of a state court is particularly apparent in cases where the federal plaintiff is actually suing the state court or state court judges." Garry v. Geils, 82 F.3d at 1367 n.10.

Mr. Olejnik's alleged injuries stem from actions in state court proceedings. Mr. Olejnik contends that the summary judgment order issued by Judge Jenny Pitts Manier failed or refused to take judicial notice of findings of fact and conclusions of law determined by "a Jury established pursuant to Article Seven of the Bill of Rights"and constituted "an abuse of discretion on her part." Mr. Olejnik asks this court to declare that the summary judgment order is void and grant a preliminary injunction ordering the St. Joseph Superior Court not to exercise jurisdiction over the state court action or the property at issue until "the validity of the 7th Amendment Jury Determination can be determined." Further, Mr. Olejnik moves the court to enjoin the St. Joseph County Sheriff from enforcing the order for sheriff sale and eviction arising from the state court action.

While Mr. Olejnik alleges actions that he claims have deprived him of his constitutional rights, those injuries were only complete once memorialized in the state court order, and it is that judgment and its effects that he asks this court to review. The Rooker-Feldman doctrine prohibits that review. District courts do not have the authority to hear a case that in essence is an appellate-like review of a state court determination, and a party may not seek review of a state court determination by simply casting the claim as a civil rights issue. Ritter v. Ross, 992 F.2d 750, 753 (7th Cir. 1993). Accordingly, Mr. Olejnik's emergency *ex parte*

3

motion for temporary restraining order [Doc. No. 1] is DENIED, and this case is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

Entered:  November 28, 2007

/s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court

cc:   C. Olejnik  
      counsel of record